Richard L. Holcomb (HI Bar No. 9177)
Holcomb Law, LLLC
733 Bishop St, Suite 1478
Honolulu, HI 96813
(808) 545-4040
rholcomblaw@gmail.com

Alan Alexander Beck (HI Bar No. 9145)
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
(619) 905-9105
Alan.alexander.beck@gmail.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES GRELL, | ) |
| | ) |
| Plaintiff, | ) Civil Action 1:23-CV-00328 |
| | ) |
| v. | ) |
| | ) |
| COUNTY OF HAWAI'I, | ) VERIFIED COMPLAINT FOR |
| | ) DECLARATORY AND |
| Defendant. | ) INJUNCTIVE RELIEF; EXHIBITS |
| | ) ONE THROUGH FIVE; |
| | ) VERIFICATION OF JAMES GRELL |
| | ) |
| | ) |
| | ) |

# VERIFIED COMPLAINT
# FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, James Grell ("Mr. Grell"), by and through his undersigned counsel, and complains of the Defendant as follows:

## I. PARTIES

1. Plaintiff Grell is an adult male resident of the State of Hawaii, resides in the County of Hawaii, and is a citizen of the United States.

2. Defendant County of Hawaii ("County") is a municipal corporation incorporated under the laws of the State of Hawaii. The County is authorized by law to control and maintain the Hawaii Police Department ("HPD"), an agency of the County, who acts on the County's behalf in the area of law enforcement and, as applicable here, the issuance or denial of firearms permits. The County is therefore ultimately responsible for HPD and its actions, and therefore, must assume the risks incidental to the maintenance of HPD, its employees, laws, customs and policies.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 and § 1988.

4. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## III. STATEMENT OF FACTS

5. On June 23, 2022, the United States Supreme Court released its opinion styled *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 213 L. Ed. 2d 387, 142 S. Ct. 2111, 2118 (2022). This landmark decision affirmed that, indeed, the "bear" as that term is contemplated by the Second Amendment of the United States, constitution means "to carry." As such, the Second Amendment guarantees the right of law-abiding citizens to carry a firearm for the purpose of self-defense.

6. Before *Bruen* was decided each of the county's relied on Chapter 134 of the Hawaiʻi Revised Statutes which provided the chief(s) absolute discretion in determining applicants' suitability to carry.

7. In response to *Bruen*, Hawaiʻi County adopted or amended Chapter 14 of its county ordinances ("the Ordinance") to govern the carrying of firearms in the County of Hawaiʻi.

8. The Ordinance retains the statewide historical tradition of delegating broad discretion to its chief(s) of police in determining an applicant's suitability for carrying a firearm. Section 14-119.3 of the Hawaiʻi County Code now states "[t]he chief of police shall establish rules and regulations necessary to administer this article, pursuant to chapter 91, Hawaiʻi Revised Statutes."

9. Pursuant to that provision of the Hawaii County Code, the chief of police requires, *inter. alia.*, Hawaiʻi County applicants for a permit to carry a

concealed firearm to execute a notarized "Waiver of Liability and Release Form for Application for License to Carry Firearms and Weapons" (the "Waiver" or "Waiver Form"). A true and correct copy of the Waiver Form is attached hereto as **Exhibit One** and can be found on the Hawai'i Police Department's ("HPD") website at: https://www.hawaiipolice.com/wp-content/uploads/2022/08/6.-License-to-Carry-Waiver-of-Liability-Form-082422.pdf (last visited 7/23/2023).

  10. The Waiver requires:

  a. That the applicant prospectively waive any and all potential claims (apparently related to the application process or otherwise) against anyone who might provide information in connection with the application:

> I, _____, applicant, hereby release from liability and promise to hold harmless from any liability under any and all possible causes of legal action any and all persons that shall furnish any information or opinions regarding applicant's background, family, personal habits or reputation in order to determine whether applicant is able to meet the qualifications to carry a firearm in the County of Hawai'i.

  b. That the applicant waive any and all legal privileges in connection with information provided in connection with the application process:

> Further, the undersigned waives for this purpose any and all legal privileges I may have to maintain such information as confidential, including but not limited to the following privileges: attorney-client, clergyman-penitent, husband-wife, physician-patient, psychologist-client, creditor-customer, and accountant-client.

c. That the applicant prospectively waive any and all potential claims against the Hawaiʻi Police Department in connection with the application process:

The undersigned further agrees to hold harmless and release from liability under any and all possible causes of legal action the Department, its officers, its employees, and its agents, for any statements, acts, or omissions in the course of its investigation into applicant's background, family, personal habits, and reputation. I further realize that it is necessary for the Department to thoroughly investigate all aspects of applicant's personal background and qualifications and, by applying for a License to Carry a Firearm in the County of Hawaiʻi, I expressly waive all of my legal rights and causes of action to the extent that the Hawaiʻi Police Department investigation (for purposes of evaluating my suitability or application to carry a firearm) may violate or infringe upon these aforementioned legal rights and causes of action. I hereby authorize the Department to reproduce this form to be used solely for the purposes of my Application for a License to Carry a Firearm in the County of Hawaiʻi.

This release from liability given by the undersigned to the Department, its officers, employees, agents, and all others as heretofore provided, shall apply to any right of action that might accrue to the undersigned, my heirs, and personal representatives.

**Exhibit One**.

11. On April 17, 2023, Mr. Grell applied for a permit to carry a concealed firearm. In a cover letter, Mr. Grell explained that he did not wish to waive those rights listed on the waiver form. Accordingly, Mr. Grell left the Waiver Form blank. A true and correct copy of the [redacted] application with attachments is attached hereto as **Exhibit Two**.

12. On April 24, 2024, the HPD notified Mr. Grell that they were unable to

process his application because the Waiver was not signed or notarized and because his money order was not made payable to the County Director of Finance. A true and correct copy of that denial letter is attached hereto as **Exhibit Three.**

13. On or about May 5, 2023, Mr. Grell re-submitted his application and payment. Mr. Grell corrected the payee on the money order. Mr. Grell again sent a cover letter explaining that he did not agree to the Waiver Form and left the Waiver Form blank. A true and correct copy of the application as re-submitted on or about May 5, 2023 is attached hereto as **Exhibit Four**.

14. On May 17, 2023, the HPD wrote Mr. Grell a letter stating "we are unable to accept your application at this time" due to the Waiver Form. The HPD acknowledged that Mr. Grell had indicated that he did not wish to sign the Waiver and instructed that "should he elect to re-apply," Mr. Grell must provide a signed and notarized Waiver Form. A true and correct copy of the HPD's May 17, 2023 letter is attached hereto as **Exhibit Five**.

15. The Second Amendment to the United States Constitution provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

16. The Second Amendment guarantees individuals a fundamental right to keep and carry arms for self-defense and defense of others in the event of a violent confrontation. *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v.*

*Chicago*, 561 U.S. 742 (2010); *Caetano v. Massachusetts*, 577 U.S. 1027 (2016).

17. Handguns are protected by the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570 (2008).

18. In *New York State Rifle & Pistol Ass'n, Inc.v. Bruen,* ___U.S. ___, 142 S. Ct. 2111, 2138 (2022), the United States Supreme Court clarified that the Second Amendment also guarantees the right of law abiding citizens to carry firearms.

19. Prior to the Supreme Court's opinion in *Bruen*, the Ninth Circuit "along with the majority of our sister circuits, has adopted a two-step inquiry in deciding Second Amendment cases: first, the court asks whether the challenged law burdens conduct protected by the Second Amendment; and if so, the court must then apply the appropriate level of scrutiny." *See Silvester v. Harris*, 843 F.3d 816, 820-821 (9th Cir. 2016).

20. "In the first step, we ask 'whether the challenged law burdens conduct protected by the Second Amendment,' based on a 'historical understanding of the scope of the [Second Amendment] right,' *Heller*, 554 U.S. at 625, or whether the challenged law falls within a 'well-defined and narrowly limited' category of prohibitions 'that have been historically unprotected,'" *See Jackson v. City & County of San Francisco*, 746 F.3d 953, 960 (9th Cir. 2014).

21. The first step of the analysis remains unchanged by *Bruen*, *i.e.*, courts

must determine whether the Second Amendment right is burdened by the regulation or, stated otherwise, whether the conduct is protected by the plain text of the Second Amendment. "To the extent that the first step of a court's pre-*Bruen* analysis mirrors the first step of a court's post-*Bruen* analysis, these cases remain persuasive authority." *Or. Firearms Fed'n, Inc. v. Brown*, No. 2:22-cv-01815-IM, 2022 U.S. Dist. LEXIS 219391, at *17 n.9 (. Or. Dec. 6, 2022).

22. Where the government action prohibits the carrying of firearms, as here, the United States Supreme Court has specifically held that the Second Amendment is burdened:

> As we explained in *Heller*, the 'textual elements' of the Second Amendment's operative clause— 'the right of the people to keep and bear Arms, shall not be infringed'—'guarantee the individual right to possess and carry weapons in case of confrontation.' 554 U.S. at 592, 128 S.Ct. 2783. *Heller* further confirmed that the right to 'bear arms' refers to the right to 'wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person.' *Id.*, at 584, 128 S.Ct. 2783 (quoting *Muscarello v. United States*, 524 U.S. 125, 143, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) (Ginsburg, J., dissenting); internal quotation marks omitted).

*Bruen*, 142 S. Ct. at 2134.

23. Following *Bruen*, where a challenged government action burdens conduct protected by the Second Amendment, courts no longer apply a suitable level of means-end scrutiny. Instead:

> The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm

regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'

*Bruen*, 142 S. Ct. at 2130.

24. Second, because "the Constitution presumptively protects [individual conduct" covered by 'the Second Amendment's plain text," *Bruen*, 142 S.Ct. at 2126, "the Government 'must justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.' " *United States v. Rahimi*, 59 F.4th 163 (5th Cir. 2023) (citation omitted) (overturning conviction for violation of 18 U.S.C. § 922(g)(8) for Defendant who was involved in five shootings from December 2020 through January 2021); *United States v. Quiroz*, No. PE:22-CR-00104-DC, 2022 WL 4352482, at *4 (W.D. Tex. Sept. 19, 2022) ("Next, the Government must justify its regulation through a historical analysis. To do so, the Government's historical inquiry must show that § 922(n) is consistent with the historical understanding of the Second Amendment."); *Firearms Pol'y Coal., Inc. v. McCraw*, No. 4:21-CV-1245-P, 2022 WL 3656996, at *8 (N.D. Tex. Aug. 25, 2022) ("The burden therefore falls on Texas to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms."); *United States v. Price*, No. 2:22-CR-00097, 2022 WL 6968457, at *3

(S.D.W. Va. Oct. 12, 2022) (if the statute burdens conduct protected by the Second Amendment, "the statute is presumptively unconstitutional unless the Government can show that 'it is consistent with the Nation's historical tradition of firearm regulation.' This analysis is constrained by the Supreme Court's definition of 'historical tradition' as the time of the founding and ratification of the Second Amendment in 1791.") (citations omitted).

25. Here, the government cannot meet its burden of showing that in order to exercise the right to bear arms, a citizen must waive all legal privileges and/or prospectively release the government and/or its informants from any wrongdoing.

26. State law requires that a citizen obtain a permit before carrying a firearm:

> Section 134-9 acts as a limited exception to the State of Hawaii's 'Place[s] to Keep' statutes, which generally require that gun owners keep their firearms at their 'place of business, residence, or sojourn.' H.R.S. §§ 134-23, 134-24, 134-25. The exception allows citizens to obtain a license to carry a loaded handgun in public, either concealed or openly, under certain circumstances. H.R.S. § 134-9.

*Young v. Hawaii*, 896 F.3d 1044, 1048 (9th Cir. 2018).

27. Defendant County of Hawaii via the chief of police executes the offending provisions of law and makes decisions as to which citizens are "disqualified" from enjoying Second Amendment rights and for what reasons. *See Young v. State of Hawaii*, 992 F.3d 765, 779 (9th Cir. 2021) ("A facial challenge is a claim that the legislature has violated the Constitution, while an as- applied

9

challenge is a claim directed at the execution of the law.").

28. Defendant County of Hawaii vests the power to issue permits to carry to the police chief. The decision to issue the permit is discretionary and that discretion rests solely with the police chief. HCC 14-119-3.

29. The Chief, acting in his official capacity, is the same entity as the County of Hawaii. *See Young v. Hawaii*, 548 F. Supp. 2d 1151, 1164 (D. Haw. 2008) ("The claims asserted against Defendants Harry Kim and Lawrence K. Mahuna in their official capacities duplicate the claims asserted against the County of Hawaii.").

30. Defendant County of Hawaii is liable as the waiver and release requirement is an independent city policy which is not required by state law. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

31. Because Mr. Grell refused to waive his privacy rights and/or prospectively release the HPD and/or its informants from liability from any wrongdoing that may damage Mr. Grell, the HPD has refused to issue Mr. Grell a permit.

32. Mr. Grell is a natural citizen of the United States residing on the island of Hawai'i.

33. Mr. Grell is currently employed as an accountant with the Hawaii Water Service Company.

34. Mr. Grell has never been convicted of a crime that would disqualify him from firearms ownership.

35. Mr. Grell has never been diagnosed with a mental disorder that would disqualify him from firearms ownership under Hawaii or federal law.

36. Mr. Grell does not take illegal drugs or abuse alcohol.

37. Mr. Grell is a Plaintiff in the matter styled *Teter v. Connors*, No. 19-cv-00183-ACK-WRP which was filed in this Court on April 10, 2019. The case is currently pending before the Ninth Circuit Court of Appeals, styled as *Teter v. Connors*, Case Number 20-15948. Mr. Grell does not wish to waive his attorney-client privilege as it applies to that case.

38. Mr. Grell regularly consults with a physician on matters unrelated to fitness to carry a firearm. Mr. Grell does not wish to waive his doctor-patient privilege as to matters unrelated to my fitness to carry a firearm.

## COUNT I
## U.S. CONST., AMEND. II

39. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

40. Denying Mr. Grell a carry permit because he does not wish to waive his privacy rights and/or execute a prospective general release from liability as described in the Waiver form violates Mr. Grell's Second Amendment rights.

41. There is no historical justification for depriving an otherwise law-

abiding citizen from carrying a firearm based on the citizen's unwillingness to waive their rights of privacy and/or execute a prospective release.

42. Defendant's policy of denying Plaintiff the right to carry firearms unless he waives his privacy rights and/or executes the general release described in the Waiver form violates his Second Amendment rights.

## COUNT II (RIGHT OF PRIVACY)
## U.S. CONST. AMEND. XIV
## HAWAII CONST. ART. 1 § 6

43. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

44. The mandated waiver form requires Mr. Grell to "waive for this purpose any and all legal privileges [he] may have to maintain such information as confidential, including but not limited to the following privileges: attorney-client, clergyman-penitent, husband-wife, physician-patient, psychologist-client, creditor-customer, and accountant-client."

45. This privacy waiver is far too broad for the purpose of confirming that Mr. Grell is qualified to carry a firearm pursuant to the guarantees under the Second Amendment.

46. The right to informational privacy applies both when an individual chooses not to disclose highly sensitive information to the government and when an individual seeks assurance that such information will not be made public.

47. Requiring Mr. Grell to waive all legal privileges as described in the Waiver form violates Mr. Grell's right to privacy as guaranteed by the Fourteenth Amendment to the United States Constitution and/or Article 1, Section 6 of the Hawaii Constitution.

**COUNT IV (DUE PROCESS)**
**U.S. CONST. AMEND. XIV**

48. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

49. Under the procedure mandated by the HPD, Mr. Grell can either waive all privacy rights and/or potential claims against wrongdoers or he must forego his right to bear arms.

50. Defendant is depriving Mr. Grell of his right to bear arms because Mr. Grell does not wish to waive his right to privacy and/or to seek redress against wrongs that could be perpetrated against him.

51. Posing this Hobson's Choice to Mr. Grell violates Mr. Grell's due process rights as guaranteed by the Fourteenth Amendment.

**COUNT IV (DECLARATORY JUDGMENT)**

52. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

53. The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, any court of the United States may declare the

rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a).

54. Absent a declaratory judgment, there is a substantial likelihood that Plaintiff will suffer irreparable injury in the future.

55. There is an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

56. This Court possesses an independent basis for jurisdiction over the parties.

57. A judgment declaring that Defendant's policy which deny Plaintiff the right to carry a firearm unless and until Plaintiff broadly waives his right to privacy and/or the right to seek redress against potential wrongdoers is unconstitutional.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that judgment be entered in his favor and against Defendant as follows:

1. An order preliminarily and permanently compelling Defendant, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction to process Mr. Grell's application for a permit to carry a firearm without requiring the broad waiver(s) and release(s) included on the Waiver form, and if Mr. Grell is found otherwise qualified, that Defendant promptly issue the carry permit..

2. Declaratory relief that the policy of requiring the broad waiver and release complained of herein before issuance of a carry permit, is unconstitutional.

3. Nominal Damages;

4. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. §1988;

5. Such other relief consistent with the injunction as appropriate; and

6. Such other further relief as the Court deems just and appropriate.

DATED: Honolulu, Hawaii; August 4, 2023.

Respectfully submitted,

/s/ Alan Beck
Alan Alexander Beck
Counsel for Plaintiff
2692 Harcourt Drive
San Diego, CA 92123
(619) 905-9105
Hawaii Bar No. 9145
alan.alexander.beck@gmail.com

/s/ Richard Holcomb
Richard L. Holcomb
Holcomb Law, LLLC
733 Bishop St
Suite 1478
Honolulu, HI 96813
(808) 545-4040
Hawaii Bar No. 9177
rholcomblaw@gmail.com